FILED
United States Court of Appeals
Tenth Circuit

February 26, 2020

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

SALVADOR CARNERO, SR.,

    Defendant - Appellant.

No. 19-6183
(D.C. No. 5:18-CR-00244-D-1)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT***
_____

Before **MORITZ**, **KELLY**, and **CARSON**, Circuit Judges.
_____

Salvador Carnero, Sr. pleaded guilty to distributing five or more grams of methamphetamine. The district court sentenced him to 78 months' imprisonment, a downward variance from the advisory guideline range of 108 to 135 months. Although his plea agreement contained a waiver of his right to appeal, he filed a notice of appeal. The government then filed a motion to enforce the appeal waiver in the plea agreement pursuant to *United States v. Hahn*, 359 F.3d 1315, 1328 (10th Cir. 2004) (en banc) (per curiam).

---

    * This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

In response to the government's motion, counsel for Mr. Carnero filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and stated that it would be wholly frivolous to oppose the government's motion to enforce. *See Anders*, 386 U.S. at 744 (explaining that "if counsel finds his [client's] case to be wholly frivolous, after a conscientious examination of it, he should so advise the court"). Counsel also filed a motion to withdraw. We then gave Mr. Carnero an opportunity to file a pro se response to the motion to enforce. *See id.* (directing that time be allowed for the defendant "to raise any points that he chooses"). The filing deadline has passed and, to date, he has not filed a response. *Anders* explains that the court should "then proceed[], after a full examination of all the proceedings, to decide whether the case is wholly frivolous." *Id.* We have reviewed the motion to enforce, the plea agreement, the transcripts of the change-of-plea and sentencing hearings, and counsel's *Anders* brief. Based on our review of the proceedings, we agree that there is no non-frivolous basis to contest the motion to enforce.

We conclude that Mr. Carnero's appeal of his sentence is within the scope of the appeal waiver in his plea agreement; he knowingly and voluntarily waived his appellate rights; and enforcing the waiver would not result in a miscarriage of justice. *See Hahn*, 359 F.3d at 1325 (describing the factors this court considers when determining whether to enforce a waiver of appellate rights). Accordingly, we grant the motion to enforce the appeal waiver, grant counsel's motion to withdraw, and dismiss the appeal. We note that this dismissal is without prejudice to Mr. Carnero

filing a motion for relief under 28 U.S.C. § 2255 to raise a claim for ineffective

assistance of counsel consistent with the terms of his plea agreement.[1]

Entered for the Court
Per Curiam

---

[1] In his *Anders* brief, counsel for Mr. Carnero identified one potential basis for avoiding the appeal waiver—ineffective assistance of counsel. But counsel also correctly recognized that our precedent forecloses consideration of such an argument on direct appeal, *see United States v. Porter*, 405 F.3d 1136, 1144 (10th Cir. 2005) ("[A] defendant must generally raise claims of ineffective assistance of counsel in a collateral proceeding, not on direct review. This rule applies even where a defendant seeks to invalidate an appellate waiver based on ineffective assistance of counsel." (citation omitted)).